## STATE OF FLORIDA v RODDA

## Case No. 87-336AC (County Court Case No. 49372,3PG)

Eleventh Judicial Circuit, Dade County

April 18, 1990

### APPEARANCES OF COUNSEL

**Joni B. Brainstein, Esquire,** Assistant Attorney General, for appellant.

**James H. Woodward, Esquire** and **John H. Lipinski, Esquire,** for appellee.

Before GOLDMAN, MORENO, CAPUA, JJ.

### OPINION OF THE COURT

GOLDMAN, J.

This is an appeal from the trial court's order dismissing this cause. We reverse.

On January 7, 1987, Appellee, Rodda ("Defendant"), was arrested for D.U.I. Trial was scheduled for March 5, 1987, and continued at Defendant's request. On April 1, 1987, the trial was continued at the State's request and on April 15, 1987, at Defendant's request.

On May 5, 1987, it was continued at the State's request and on May 27, 1987, at Defendant's request. On June 17, 1987, it was the State's turn, as it was on July 16, 1987.

On this last date, the trial judge announced: "Try or dismiss the next time."

The case came up for trial on August 13, 1987, and the parties both announced ready. Unfortunately, the Court had too many trial ready and a new trial date was set for September 22, 1987. On that date, again with both parties ready for trial, the case was again continued due to the backlog of trials facing the trial judge. The case was continued to October 20, 1987, on a "try or dismiss basis." Not surprisingly, on that date, with both parties again ready, the case was once again continued for lack of an available trial judge. The case was reset for October 26, 1987, before yet another judge. The State was ready and the applicable "speedy trial" time had not yet expired. The trial judge, however, granted the Defendant's motion for discharge.

The Defendant herein has failed to demonstrate, nor could we find, any legal basis for the dismissal. The State was ready for trial and had been ready seven times the case had been called.

We sympathize with the frustration of the Defendant in having to appear so many times for a trial which was not held, and for the time he missed for work. Unfortunately, there are more cases to try than there are judges to try them, and this will create some hardships. However, the people of this State are entitled to have the Defendant tried when the State had done nothing to warrant the ultimate sanction of dismissal.

Accordingly, the order of dismissal is reversed and this cause is remanded to the trial court to set this matter for trial.

REVERSED AND REMANDED.

MORENO and CAPUA, JJ., concur.